# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDERIC CHARLES PRADO, | Case No. 2:18-cv-00831-GMN-BNW |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| MUTUAL LIBERTY INSURANCE, et al., | |
| Defendants. | |

Pro se plaintiff Frederic Charles Prado brings this lawsuit regarding a dispute he is having regarding unpaid medical bills. Prado moves to proceed *in forma pauperis*. (IFP Application (ECF No. 1).) Prado submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Prado's request to proceed *in forma pauperis* therefore will be granted. The court now screens Prado's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I. ANALYSIS**

    **A. Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints

and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Prado alleges that he has Medicare health insurance through the United States Social Security System. (Compl. (ECF No. 1-1).) He states that unspecified Medicare employees informed him that certain medical bills he incurred related to a car accident that occurred in May of 2016 are not Medicare's responsibility because Prado received a financial settlement from Geico Insurance and/or Liberty Mutual Insurance. (*Id.* at 1-2.) He further states that he was informed he needs to reimburse Medicare for medical bills paid since the time of the car accident. (*Id.* at 2-3.) According to Prado, repaying the bills will cause him financial problems. (*Id.* at 3.) The court understands Prado to be stating that the bills should be the responsibility of Geico, Liberty Mutual, or the City of Las Vegas bus system. (*See id.*) Prado seeks "a fine for negligent activity by the insurance company as the statute of limitations runs out in 20 days for filing this legal case . . . ." (*Id.* at 4.)

Even liberally construing the complaint, the court finds Prado does not state a claim against any of the entities mentioned in the complaint. While Prado generally describes the underlying circumstances that prompted him to file this lawsuit, he does not provide sufficient factual allegations for the court to understand which legal claims he seeks to assert against which

1 defendants. Without additional factual allegations regarding the underlying dispute and the
2 various entities' roles in the case, the court cannot evaluate whether Prado's complaint states a
3 claim against Medicare, Geico, Liberty Mutual, or the City of Las Vegas Bus System.
4 Additionally, Prado does not include any statement of the grounds for the court's jurisdiction in
5 this case. The court therefore will recommend dismissal of Prado's complaint without prejudice
6 for Prado to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Prado still must give each defendant fair notice of Prado's claims against it and of Prado's entitlement to relief.

Additionally, Prado is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Prado's amended complaint complete. Given that the court is recommending dismissal of Prado's complaint without prejudice, the court will deny Prado's motions for a hearing (ECF Nos. 5, 6) without prejudice.

## II. CONCLUSION AND RECOMMENDATION

IT IS THEREFORE ORDERED that Prado's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Prado's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Prado's motions for a hearing (ECF Nos. 5, 6) are DENIED without prejudice.

IT IS RECOMMENDED that Prado's complaint be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Prado be given a deadline to file an amended complaint.

## III. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 11, 2019

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE